IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| GROUNDBREAKER DEVELOPMENT CORPORATION ) ) ) *Plaintiff*, ) v. ) ) THE UNITED STATES OF AMERICA ) ) *Defendant*. ) ) | Case No. 22-578 Senior Judge Sweeney |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

October 21, 2022                             Respectfully submitted,


                                             David Hilton Wise, Esq.
                                             WISE LAW FIRM PLC
                                             10640 Page Avenue, Suite 320
                                             Fairfax, Virginia 22030
                                             Phone: 703-934-6377
                                             dwise@wiselaw.pro
                                             *Counsel for Plaintiff Groundbreaker
                                             Development Corporation*

**Table of Contents**

**INTRODUCTION AND ISSUES PRESENTED** ........................................................................ 1

**STATEMENT OF THE CASE** .................................................................................................... 3

    I.    Nature of the pending Motion to Dismiss ...................................................................... 3

    II.    Groundbreaker's corporate existence and procedural history ...................................... 3

    III.    The Contract and Termination for Default. ................................................................. 4

**ARGUMENT** ................................................................................................................................. 7

    I.    Standard of Review ........................................................................................................ 7

    II.    Groundbreaker Has Standing As a De Facto Corporation ............................................. 8

    III.    Groundbreaker Was Not Required to Present Claims in Count II to the Contracting Officer ........................................................................................................................ 11

    IV.    If necessary, Groundbreaker requests leave to amend the Complaint to allege its de facto corporate status or leave to file a certified claim for Count II. .......................... 13

**CONCLUSION** .......................................................................................................................... 14

-i-

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT
*Groundbreaker Development Corporation v. United States*

## **Table of Authorities**

**Cases**

*Anaheim Gardens v. United States*
  159 Fed. Cl. 201 (2022) ................................................................................................ 8

*Andrews v. United States*
  147 Fed. Cl. 519, (2020), aff'd, 844 F. App'x 351 (Fed. Cir. 2021) ......................... 10

*Clark-Franklin-Kingston Press, Inc. v. Romano*
  12 Conn.App. 121, 529 A.2d 240, cert. denied, 205 Conn. 803, 531 A.2d 940 (1987) ........... 10

*D.D.J. Elec. Contractors, Inc. v. Nanfito & Sons Builders, Inc.*
  40 Conn. Supp. 50, 479 A.2d 1250, (Super. Ct. 1984) ............................................... 9

*DiFrancesco v. Kennedy*
  114 Conn. 681, 160 A. 72 (1932) ............................................................................. 10

*Erickson v. Pardus*
  551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) ............................................. 8

*Fed. Real Est. & Storage Co. v. United States*
  79 Ct. Cl. 667 (1933) ................................................................................................ 10

*Huchro v. Strategic Acquisition Co.*
  No. CV 93 0134171, 1995 WL 152116 (Conn. Super. Ct. Mar. 28, 1995) ............... 9

*Matthews v. United States*
  72 Fed. Cl. 274, (2006) .............................................................................................. 8

*Mil-Tech Sys., Inc. v. United States*
  6 Cl. Ct. 26 (1984) ................................................................................................... 10

*Raytheon Co. v. United States*
  747 F.3d 1341, 1354 (Fed. Cir. 2014) ..................................................................... 11

*Scott Timber Co. v. United States*
  333 F.3d 1358 (Fed. Cir. 2003) ............................................................................... 12

*Seneca Sawmill Co. v. United States*
  No. 16-1001C, 2022 WL 3581311 (Fed. Cl. Aug. 19, 2022) ............................. 11, 12

*Sirius Fed., LLC v. United States*
   153 Fed. Cl. 410 (2021) ............................................................................................... 8

*Terry v. United States*
   99 Fed. Cl. 384 (2011) ................................................................................................. 8

*Tolliver Grp., Inc. v. United States*
   20 F.4th 771 (Fed. Cir. 2021) ..................................................................................... 11

*Veteran Tech. Integrators, LLC v. United States*
   143 Fed. Cl. 794 (2019) ............................................................................................... 8

**Statutes**

41 U.S.C § 7103 ................................................................................................................ 11, 13

41 U.S.C. § 7104 ............................................................................................................... 11, 13

Conn. Gen. Stat. Ann. § 33-637 ............................................................................................... 9

**Rules**

RCFC 12 ...................................................................................................................... 3, 8, 13

RCFC 15(a)(2) ......................................................................................................................... 13

**Regulations**

48 C.F.R. § 52.249-1 ................................................................................................................. 5

48 C.F.R. § 52.249-10 ............................................................................................................... 5

Plaintiff Groundbreaker Development Corporation ("Plaintiff" or "Groundbreaker") hereby files its Opposition to the Motion to Dismiss Plaintiff's Complaint filed by Defendant United States of America ("Defendant" or "Government").  Groundbreaker also submits the attached Declaration of Douglas Fleming, including Exhibits A-D attached thereto, in further support of Plaintiff's Opposition to Defendant's Motion to Dismiss (hereinafter "Fleming Declaration").

## INTRODUCTION AND ISSUES PRESENTED

Groundbreaker and the Government entered into a contract on April 20, 2020, ("Contract") in which Groundbreaker was to install a two-inch waterline over approximately 3,200 linear feet at the project site. Compl., ¶10.  The Contract was later revised by the Government to increase the length of the waterline to 3,500 linear feet. Compl., ¶16.

Groundbreaker had performed 95% of the work required under the Contract by November 2020.  Compl., ¶28.  By that time, Groundbreaker had only been paid for 50% of the work.  Compl., ¶31.  Groundbreaker requested payment for 95% of the total Contract price as part of its December 2020 progress payment application. Compl., ¶32. At that time, the contract completion date was estimated for February 2021. Compl., ¶33.  In January 2021, the Government issued a cure notice threatening to terminate the Contract for default ("January Cure Notice"). Compl., ¶34.  The January Cure Notice did not identify what area of the plans and specifications were noncompliant and was generally unresponsive to Groundbreaker's request for information relating to the Cure Notice. Compl., ¶¶36-46.

Groundbreaker, in attempts to gain clarification, and the Government issued letters back and forth in the months following. Many of the facts asserted by the Government in these communications were not correct. Groundbreaker was forced to respond to the January Cure

Notice without understanding what particular plans and specifications were noncompliant. The Government continued to issue several written, conflicting directives, thus adding to confusion relating to work that was already substantially complete under the Contract. *Id.*

On February 17, 2021, the Government issued a show cause notice which provided both inaccurate and incomplete facts, prompting Groundbreaker to respond in detail on February 26, 2021, which adequately and completely addressed each of the Government's issues. Compl., ¶¶47-48. This should have resolved the issue as the work by this time was substantially (95%) complete. However, it became clear that the Government had already decided to terminate Groundbreaker without proper justification, and the parties further exchanged correspondence by letters dated March 15, 2021, and March 25, 2021. Copies of these letters were attached as Exhibits E though H to the Complaint.

Groundbreaker was never given clear direction, plans, or specifications on how to cure the alleged deficiency. Additionally, Groundbreaker was denied access to the project site beginning on January 11, 2021. In May of 2021, the Government issued a "Notice of Termination for Default" to Groundbreaker, which is the subject matter of the pending lawsuit. The Notice of Termination for Default stated that the contract was "hereby terminated" and that Groundbreaker's "right proceed further under the contract" was terminated. Groundbreaker, upon receipt of this Notice, was forbidden to perform any further work on the Contract. The Notice also stated that it was the "final decision of the Contracting Officer" and that Groundbreaker could file an appeal in this Court within 12 months of the date Groundbreaker received the Notice. In accordance with this directive, and in accordance with the law, Groundbreaker timely filed the pending Complaint on May 26, 2022 [ECF 1].

The Government filed its Motion to Dismiss [ECF 7] pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC"), asserting only two issues alleging lack of subject matter jurisdiction:

1. Whether Groundbreaker had standing to bring this suit based upon the Government's argument that Groundbreaker was Virginia corporation that was dissolved in 2015; and

2. Whether the Court of Federal Claims possesses jurisdiction over Groundbreaker's claims in Count II of its complaint, which the Government requests be dismissed without prejudice.

## STATEMENT OF THE CASE

### I. Nature of the pending Motion to Dismiss

This lawsuit alleges two counts: Count One for Wrongful Termination and Count Two for Violation of Statutory and Regulatory Mandate to Make Payments. The lawsuit stems entirely from the Notice of Termination for Default issued by the Government on May 26, 2021. There is no question that Groundbreaker timely filed the Complaint in this Court and that this Court has jurisdiction as expressly stated in the Notice of Termination for Default. The only issue raised in the pending Motion to Dismiss is whether Groundbreaker has standing to pursue this matter based on its alleged corporate entity and existence.

### II. Groundbreaker's corporate existence and procedural history

Groundbreaker was first formed as a Virginia corporation on July 3, 2014. Fleming Declaration, ¶2. Shortly thereafter, on August 22, 2014, Groundbreaker filed a Business Registration – Certificate of Authority in the state of Connecticut to permit Groundbreaker to perform work in Connecticut. Fleming Declaration, ¶3, and Exhibit A thereto. At that time

Groundbreaker originally incorporated in July 2014, its principal place of business located at 267 Willimantic Road, Chaplin, CT 06235. Fleming Declaration, ¶5.  Groundbreaker's application for the certificate of authority to transact business in Connecticut stated that it also intended to perform work under the name "Ground Breaker Development Corporation" as well as "Groundbreaker Development Corporation." Fleming Declaration, ¶4.

Four years later, Groundbreaker advised the Connecticut Secretary of State that Groundbreaker was going to change to a domestic company that would be formed in Connecticut.   Fleming Declaration, ¶6. On November 25, 2019, Groundbreaker signed its "Operating Agreement & Corporate Articles," stating that Groundbreaker was in fact formed in the State of Connecticut on November 25, 2019, with a principal place of business located at 369 Scotland Rd., Windham, CT 06280.  Fleming Declaration, ¶¶7-8, and Exhibit B thereto.

 The same day, November 25, 2019, Groundbreaker filed online with the Connecticut Secretary of State website a "Change of Business Address" form, changing Groundbreaker's principal place of business to 369 Scotland Rd., Windham, CT 06280.  Fleming Declaration, ¶9, and Exhibit C thereto. The next day, Groundbreaker filed a "Change of Agent – Domestic (Domestic Formed in Connecticut)" form with the Connecticut Secretary of State. Fleming Declaration, ¶10, and Exhibit D thereto.  At all times relevant, Groundbreaker believed it had complied with the corporate filing requirements for a Connecticut corporation. Fleming Declaration, ¶11. To date, Groundbreaker remains active in Connecticut and has maintained its principal place of business in Windham, Connecticut.

### III.  The Contract and Termination for Default.

On February 24, 2020, the Government issued a request for quotation ("RFQ") for the completion of an extension of a waterline at Northfield Brook Lake to Groundbreaker. Compl.

-4-

Plaintiff's Opposition to Defendant's Motion to Dismiss Plaintiff's Complaint
*Groundbreaker Development Corporation v. United States*

¶8. In response to this request, Groundbreaker submitted a quote for $142,117 on March 31, 2020. Compl. ¶9.

The Government and Groundbreaker thereafter entered into a contract on April 20, 2020 ("Contract"). Compl. ¶10. Under the Contract, Groundbreaker was to install a two-inch waterline over approximately 3,200 linear feet at the Project, which was later revised to 3,500 linear feet. The Contract was originally based on plans and specifications that were designed by the Government for a Ductile Iron Pipe (DIP) waterline system, but this was later modified and approved for a polyethylene pipe. Compl. ¶16-17. These plans and specifications were defective, but they also required compliance with the Connecticut Water Authority ("CTW"), federal, state, local, and health code requirements. Compl. ¶¶18-19. This led to confusion because Groundbreaker was not given proper guidance as to which regulations would take priority, and the Government did not give Groundbreaker clear direction. Id. Due to these defects, the Army Corp of Engineers ("ACE") issued unilateral modifications to try to resolve some design flaws in order to keep the Project moving forward. Compl. ¶20.

The Contract also incorporated the Federal Acquisition Regulations, including 48 C.F.R. § 52.249-1, "Termination for Convenience of the Government (Fixed Price)(Short From)" and 48 C.F.R. § 52.249-10, "Default (Fixed-Price Construction)" which states, in part: "If, after termination of the Contractor's right to proceed, it is determined that the Contractor was not in default, or that they delay was excusable, the rights and obligations of the parties will be the same as if the termination had been issued for convenience of the Government." Compl. ¶¶ 11-12.

Sheila Winston-Vincuilla, Chief, Contracting Division, for the US Army Corps of Engineers was the Contracting Officer ("CO") and Carl Nimitz was named the Administrative

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT
*Groundbreaker Development Corporation v. United States*

Contracting Officer ("ACO") under the Notice of Appointment dated April 16, 2020. Compl. ¶¶13-14. The CO and ACO were to direct, instruct, advise, and interact with Groundbreaker for contract matters. Compl. ¶15.

Groundbreaker issued a notice of protest on October 19, 2020, attached to the Complaint as Exhibit "C," and Groundbreaker advised the CO that Groundbreaker was proceeding under protest because Groundbreaker did not agree with unilateral directives being issued without formal modifications by the CO or ACO, and that Government employees, who did not have authority, were issuing directives to Groundbreaker. Compl. ¶21-22. Following the issuance of this notice, the Project site quickly turned hostile. Compl. ¶26.

Groundbreaker had performed approximately 95% of the work required under the Contract by November of 2020. Compl. ¶28. Groundbreaker had substantially completed its work under the Contract apart for a minor amount of additional linear footage of pipe, but up to that point, Groundbreaker had only been paid approximately 50% of the Contract price. Compl. ¶¶30-31. In December of 2020, Groundbreaker submitted a payment requisition for payment for all the work it had done, reflecting 95% of the total Contract Price. Compl. ¶32.[1]

The Government denied Groundbreaker access to the project site on January 11, 2021, and has not allowed Groundbreaker access since. Compl. ¶70. On January 19, 2021, the Government issued a cure notice, but it was based on incorrect or incomplete facts, and failed to recognize that the project had by that time been substantially complete, i.e., 95% complete. It appeared to Groundbreaker that the cure notice was issued in retaliation of Groundbreaker's

---

[1] The Complaint inadvertently misstated that the payment requisition was submitted in December 2021. The correct date is December 2020.

protest letter.[2] Compl. ¶¶ 34, 36.  The Government's directions, plans, and specifications following the cure notice continued to be ambiguous and contradictory. Compl. ¶38-39. What followed was a series of letters and directives from the Government that were designed to allegedly support a termination for default, including the Government's Show Cause Notice dated February 17, 2021, Compl. ¶ 47, Groundbreaker's response dated February 26, 2021, the Government response dated March 15, 2021, and Groundbreaker's reply dated March 25, 2021. Compl. ¶50-51.

To date, the Government has refused to pay Groundbreaker for the final invoice amount for 95% of the work performed on the Contract. Compl. ¶ 67. On May 26, 2021, the Government issued a Notice of Termination for Default. Compl. ¶68. This Notice of Termination for Default was a "final decision of the Contracting Officer." See ECF 1-9, page 2. In accordance with the rules set forth in the Contract Disputes Act,[3] Groundbreaker timely filed its Complaint in the United States Court of Federal Claims on May 26, 2022. The Government subsequently filed its Motion to Dismiss on August 29, 2022.

## ARGUMENT

### I. Standard of Review

Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC") states that "Every defense to a claim for relief in any pleading must be asserted in the responsive

---

[2] Groundbreaker's protest letter included reported abuses, unprofessionalism, mismanagement, disregard of the ACO's written directives by Government employees directed to the Groundbreaker team Compl. ¶35.

[3] 41 U.S.C.A. § 7104 (b)(c) states, "A contractor shall file any action under paragraph (1) or (2) within 12 months from the date of receipt of a contracting officer's decision under section 7103 of this title."

pleading if one is required. But a party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction…." RCFC 12.

When deciding a motion to dismiss upon the ground that the Court does not possess subject-matter jurisdiction pursuant to RCFC 12(b)(1), this Court must assume that all factual allegations in the complaint are true and must draw all reasonable inferences in the non-movant's favor. *Veteran Tech. Integrators, LLC v. United States*, 143 Fed. Cl. 794, 800 (2019); *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). A plaintiff bears the burden of establishing subject-matter jurisdiction by a preponderance of the evidence. *Veteran Tech* at 800. Should the Court determine that it lacks jurisdiction over the subject matter, it must dismiss the claim. *Id*; *Matthews v. United States*, 72 Fed. Cl. 274, 278 (2006); *see* RCFC 12(h)(3).

## II. Groundbreaker Has Standing As a De Facto Corporation

Standing is a threshold jurisdictional question, and the Court is required to decide the issue before proceeding on the merits. *Sirius Fed., LLC v. United States*, 153 Fed. Cl. 410, 418 (2021). Standing must be determined as of the commencement of suit, and the party invoking federal jurisdiction bears the burden of establishing standing. *Terry v. United States*, 99 Fed. Cl. 384, 389 (2011). A plaintiff corporation or partnership must have legal existence to have constitutional standing. *Anaheim Gardens v. United States*, 159 Fed. Cl. 201, 205 (2022) (even though the plaintiff partnership was dissolved, it still had legal existence because the partnership agreement clearly provided for a winding up period upon both dissolution and termination). A partnership's legal existence is a question of state law. *Id.*

Admittedly, our case involves facts slightly different than a dissolved partnership, but the rationale for allowing a dissolved partnership to continue is applicable to de facto corporation. At all times during the pending Contract, Groundbreaker was acting as if was a valid Connecticut

-8-

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT
*Groundbreaker Development Corporation v. United States*

corporation fully authorized to do work in Connecticut. Under such facts, which are set forth in the Fleming Declaration and attachments thereto, the Court must examine the substantive law of Connecticut regarding de facto corporations. While the Government looks to Virginia law, that is the not the law that governs the resolution of the pending motion. The Government admits that the Virginia Groundbreaker corporation was dissolved in 2015. However, the Government fails to address the real issue, which is whether Groundbreaker can proceed as a de facto corporation under Connecticut law. There is no doubt that Groundbreaker reasonably believed that it created a new corporate entity in 2019 and filed with the Connecticut Secretary of State the paperwork to make it official. At the time Groundbreaker entered into the Contract in 2020, it was fully authorized by Connecticut to transact business within the state.

In Connecticut, the formation of a corporation creates a new and separate legal entity. *D.D.J. Elec. Contractors, Inc. v. Nanfito & Sons Builders, Inc.*, 40 Conn. Supp. 50, 51, 479 A.2d 1250, 1251 (Super. Ct. 1984). Legal entities have standing to sue. In Connecticut, typically, corporate existence begins when the certificate of incorporation is filed, and the Secretary of the State's filing of the certificate of incorporation is conclusive proof that the incorporators satisfied all conditions precedent to incorporation except in a proceeding by the state to cancel or revoke the incorporation or involuntary dissolve the corporation. Conn. Gen. Stat. Ann. § 33-637.

Connecticut also recognizes de facto corporations. A de facto corporation is an apparent corporate organization asserted to be a corporation by its members and actually existing as such but lacking the creative fiat of the State. *Huchro v. Strategic Acquisition Co.*, No. CV 93 0134171, 1995 WL 152116, at *3 (Conn. Super. Ct. Mar. 28, 1995). A de facto corporation is an association which actually exists for all practical purposes as a corporate body, but which, because of failure to comply with some provision of the law, has

no legal right to corporate existence as against a direct attack by the State. *Huchro* at *3; *DiFrancesco v. Kennedy,* 114 Conn. 681, 687-88, 160 A. 72 (1932). Those who deal with a de facto corporation are estopped to deny its corporate existence. *Huchro* at *3; *Clark-Franklin-Kingston Press, Inc. v. Romano,* 12 Conn.App. 121, 128, 529 A.2d 240, cert. denied, 205 Conn. 803, 531 A.2d 940 (1987). Acts of a party done in reliance of the corporate existence of a corporation party prevent the party from claiming that the corporation party had no corporate existence. *Huchro* at *3; *Clark-Franklin-Kingston* at 126.

The Court of Federal Claims and its predecessor, the United States Court of Claims, have recognized the right of de facto corporations to pursue their claims in federal court. *Andrews v. United States*, 147 Fed. Cl. 519, 527 (2020), aff'd, 844 F. App'x 351 (Fed. Cir. 2021) (recognizing that a corporation met the elements required for a de facto corporation under Florida law); *Mil-Tech Sys., Inc. v. United States*, 6 Cl. Ct. 26, 28 (1984) (holding the Plaintiff was a de facto corporation under the laws of Virginia); *Fed. Real Est. & Storage Co. v. United States*, 79 Ct. Cl. 667, 675 (1933) (recognizing a de facto plaintiff corporation organized under the laws of Delaware).

Groundbreaker, while first a Virginia corporation on July 3, 2014, believed it had been converted to a Connecticut corporation in 2019. It was acting as a Connecticut corporation when it entered into the Contract and filed the pending Complaint. Groundbreaker previously filed its business registration and certificate of authority to transact business in Connecticut as a Virginia (foreign) corporation on August 22, 2014. Approximately five years later, on November 25, 2019, Groundbreaker's owner signed its Operating Agreement & Corporate Articles and filed what it believed were the appropriate documents with the State of Connecticut. These Articles and corporate filings indicate that Groundbreaker reasonably believed it was formed as a

"domestic" corporation in the State of Connecticut on November 25, 2019. Fleming Declaration, Exh. B-D

Groundbreaker and the Government entered into a Contract on April 20, 2020, less than five months after forming the Connecticut domestic corporation. The Government's actions, in contracting and interacting with Groundbreaker, were done in reliance of the Groundbreaker's corporate existence. On appeal for the first time, the Government should be estopped from claiming that Groundbreaker had no corporate existence because it did not file the appropriate forms "converting" the Virginia corporation or file brand-new articles of incorporation with the state of Connecticut. While Groundbreaker did not necessarily file the correct documents with the state of Connecticut in 2019, it is readily apparent that it believed it was acting, at all times relevant, as a corporate entity. Thus, Groundbreaker is entitled to pursue this action as a de facto corporation under Connecticut laws. After having obtained the benefit of 95% of the Contract while only paying for 50%, the Government cannot challenge Groundbreaker's corporate status and should be estopped from denying Groundbreaker's corporate existence.

### III. Groundbreaker Was Not Required to Present Claims in Count II to the Contracting Officer

Obtaining a final decision on a claim is a jurisdictional prerequisite to adjudication of that claim in the Court of Federal Claims. *Tolliver Grp., Inc. v. United States*, 20 F.4th 771, 776 (Fed. Cir. 2021); *Raytheon Co. v. United States*, 747 F.3d 1341, 1354 (Fed. Cir. 2014); See also 41 U.S.C. §§ 7104(b)(1), 7103(g). The purpose of claim requirements under the CDA for the Court of Federal Claims to have jurisdiction are to create opportunities for informal dispute resolution at the contracting officer level and to provide clear notice as to the content of contract claims. *Seneca Sawmill Co. v. United States*, No. 16-1001C, 2022 WL 3581311, at *13 (Fed. Cl. Aug. 19, 2022).

In *Seneca Sawmill Co. v. United States*, the Plaintiff, in the Court of Federal Claims, relied upon a different legal theory than the one it had articulated in its certified claim. *Seneca Sawmill* at *14-15. The United States argued that since a statutory remedial provision argued by the Plaintiffs in their claim in this Court was not presented to or considered by the contracting officer, this Court lacked jurisdiction to resolve that issue. *Id.* This Court found that the defendant's jurisdictional arguments lacked merit. *Id.* This Court held that it did have jurisdiction under the Contract Disputes Act even though the claim asserted was based on a different legal theory than the certified claim submitted to the contracting officer in that case.

The standard requiring that an action before the Court of Federal Claims be based on the "same claim" as the one presented to the contracting officer does not require ridged adherence to the exact language or structure of the original administrative CDA claim. *Id.* at *13; *Scott Timber Co. v. United States*, 333 F.3d 1358, 1365 (Fed. Cir. 2003). The Court may exercise its jurisdiction where the claims "arise from the same operative facts, claim essentially the same relief, and merely assert differing legal theories for that recovery." *Id*.

Footnote 5 of the Government's Motion to Dismiss the Plaintiffs' states, in part, "The termination for default issued by USACE constitutes a final decision on a Government claim, and therefore Count I where Groundbreaker challenges the termination need not have been submitted by Groundbreaker to the CO." The Notice of Termination for Default, ECF 1-9, states, in part, "This is the final decision of the Contracting Officer…In lieu of appealing to the Armed Services Board of Contract Appeals, you may bring an action directly in the U.S. Court of Federal Claims…within 12 months of the date you receive this decision."

The bottom line is that the Government issued a final decision – a Notice of Termination for Default.  This final decision stopped any opportunity for informal dispute resolution at the

contracting officer level. Since the Government issued a final decision, the Court of Federal Claims has jurisdiction under 41 U.S.C.A. 7104.[4]

While Count II of the Plaintiff's Complaint is not based on the termination for default, all parties were on notice of the content of contract claims and were the same operative facts that lead up to the cure notice and termination in 2021. Groundbreaker's claims in Count II are based on the same operative facts as those in Count I. Because of its termination, by way of the final decision letter, Groundbreaker was not paid for the work that it already had performed under the Contract. Since the claims in Count II are based on the same operative facts as those in Count I and because the termination for default issued by the Government admittedly constituted a final decision, Groundbreaker did not need to bring the exact claims and legal theory in Count II to the CO prior bringing Count II in this Court.

### IV. If necessary, Groundbreaker requests leave to amend the Complaint to allege its de facto corporate status or leave to file a certified claim for Count II.

Only if the Court deems is necessary, Groundbreaker requests leave under RCFC 15(a)(2) to amend the Complaint to allege the existence of Groundbreaker operating as a de facto corporation. Groundbreaker does not feel this is necessary given the standard of review that is applicable to a motion to dismiss. In addition, the Government only seeks to dismiss Count II without prejudice. If the Court feels it appropriate, Groundbreaker requests leave to file a certified claim for Court II and thereafter amend the Complaint to reflect this administrative act of filing a claim that will no doubt be denied by Government given its termination for default of

---

[4] 41 U.S.C.A § 7104(b)(1) states, in part "(b) Bringing an action de novo in Federal Court. -- (1) In general. - Except as provided in paragraph (2), and in lieu of appealing the decision of a contracting officer under section 7103 of this title to an agency board, a contractor may bring an action directly on the claim in the United States Court of Federal Claims, notwithstanding any contract provision, regulation, or rule of law to the contrary.

the Contract. Again, Groundbreaker does not feel that the Motion to Dismiss is valid and suggests that the issues raised herein can be fully resolved in discovery and under any appropriate scheduling order, and Groundbreaker only seeks leave if the Court deems it appropriate.

## CONCLUSION

For these reasons, we respectfully request that the Court deny the Government's Motion to Dismiss the Plaintiff's Complaint in its entirety, or alternatively, grant Groundbreaker leave to file an amended complaint as requested herein.

October 21, 2022                                          Respectfully submitted,

/s/ David Hilton Wise
David Hilton Wise, Esq.
WISE LAW FIRM PLC
10640 Page Avenue, Suite 320
Fairfax, Virginia 22030
Phone: 703-934-6377
dwise@wiselaw.pro
*Counsel for Plaintiff Groundbreaker Development Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2022, a copy of the foregoing was filed electronically on the Court's CM/ECF system, which will electronically serve all counsel of record.

/s/ David Hilton Wise
David Hilton Wise