IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| GROUNDBREAKER DEVELOPMENT ) <br> CORPORATION ) <br> ) <br> *Plaintiff*, ) <br> v. ) <br> ) <br> THE UNITED STATES OF AMERICA ) <br> ) <br> *Defendant*. ) <br> _____) | Case No. 22-578 <br> Senior Judge Sweeney |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S PARTIAL<br>MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Pursuant to Rule 5.4(3) of the Rules of the United States Court of Federal Claims, Plaintiff Groundbreaker Development Corporation ("Groundbreaker") files its response to Defendant United States of America's ("Defendant's") Partial Motion to Dismiss the Amended Complaint [ECF 21], stating as follows:

1. Defendant's motion seeks to partially dismiss portions of the amended complaint that seek monetary damages for lack of subject matter jurisdiction [ECF 21].

2. Groundbreaker's original complaint [ECF 1] asserted Count I for Wrongful Termination and Count II for Violation of Statutory and Regulatory Mandate to Make Payments. Count II included both a nonpayment claim for $63,952.65 and an equitable adjustment claim for $30,000. *Groundbreaker Dev. Corp. v. United States*, 163 Fed. Cl. 619, 622-23 (2023).

3. On January 12, 2023, this Court issued an order dismissing without prejudice the monetary claim in Count I and the nonpayment and equitable adjustment claims in Count II for lack of subject-matter jurisdiction. *Id.* [ECF 15]. The Court also allowed Groundbreaker to amend its complaint to allege that it was a de facto corporation in Connecticut at the time it filed its complaint but denied Groundbreaker's request to amend its complaint in regard to its

Page 1

nonpayment and equitable adjustment claims that were included in Count II of the original complaint. *Id*.

4. As permitted by the Court, Groundbreaker filed its amended complaint on February 17, 2023 [ECF 16], which included a single count – Count I for Wrongful Termination. Groundbreaker did not seek to amend the nonpayment or equitable adjustment claims.

5. In Count I of the amended complaint, Groundbreaker correctly alleged that pursuant to FAR 52.249-10(c), Groundbreaker would be entitled to all rights and damages, including settlement expenses, for the wrongful termination for default as if the termination had been issued for the convenience of the Government, and that those damages and expenses would include all costs of work performed by Groundbreaker up to the date of termination, plus certain costs that continued after termination and reasonable settlement expenses, plus reasonable profit on the work performed [ECF 16, ¶131]. Obviously, Groundbreaker would have to prevail to be entitled to such damages and expenses under Count I.

6. The Defendant has moved to dismiss any remaining monetary claims in Count 1 of the amended complaint, including Groundbreaker's allegations that it was requesting damages for the "Government's wrongful termination as allowed by law" and its prayer for relief for the sum of "$93,952.00, or according to proof at trial." See ECF 16, ¶2, p. 19 and ECF 21, p. 5.

7. Groundbreaker acknowledges that the allegations in the amended complaint requesting damages in the amount of $93,952.00, or some other amount proven at trial, create some ambiguity as to whether monetary claims remain part of the pending litigation. This was not Groundbreaker's intention in filing the amended complaint. Groundbreaker is seeking a nonmonetary declaration that the termination was wrongful so that Groundbreaker would have the right to pursue such damages and expenses. In this regard, Groundbreaker requests that the

Court dismiss without prejudice any monetary claims remaining in Count I to remove such ambiguity.  All nonmonetary claims included in Count I of the amended complaint, including the request for costs and attorneys' fees available under the EAJA, would remain.

8. To the extent that Count I of the amended complaint still includes monetary claims, the United States Department of Justice would have exclusive authority to act on such monetary claims, which would divest the contracting officer with the authority to issue a final decision on any future monetary claim that Groundbreaker will submit.  *Hanover Ins. Co. v. United States*, 116 Fed. Cl. 303, 310 (2014).  Once the monetary claims are dismissed, however, the contracting officer is revested with the authority to issue a final decision on Groundbreaker's monetary claims.  *Id.*

9. Upon dismissal of the monetary claims remaining in Count I of the amended complaint, Groundbreaker will submit its monetary claims to the contracting officer, who will then have the authority to issue a final decision.

WHEREFORE, Groundbreaker requests that the Court dismiss without prejudice the monetary claims in Count I of the amended complaint to allow Groundbreaker to thereafter submit its claims for monetary relief arising from the Contract to the contracting officer for a final decision, and to grant such other relief that the Court deems just and proper.

Dated:  June 6, 2023                            Respectfully submitted,

/s/ David Hilton Wise
David Hilton Wise, Esq.
WISE LAW FIRM PLC
10640 Page Avenue, Suite 320
Fairfax, Virginia 22030
Phone: 703-934-6377
dwise@wiselaw.pro
*Counsel for Plaintiff Groundbreaker Development Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2023, a copy of the foregoing was filed electronically on the Court's CM/ECF system, which will electronically serve all counsel of record.

*/s/ David Hilton Wise*
David Hilton Wise
